Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000441
28-SEP-2015
08:55 AM

NO. CAAP-14-0000441

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DENISE ARMITAGE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(2DTC-11-007594 and 2DTC-12-001968)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Denise Armitage (Armitage) appeals
from the Notice of Entry of Judgment and/or Order and
Plea/Judgment, entered in Case No. 2DTC-11-007594, and Notice of
Entry of Judgment and/or Order and Plea/Judgment, entered in Case
No. 2DTC-12-001968, both entered on January 3, 2014, in the
District Court of the Second Circuit, Wailuku Division (District
Court).[1]

The District Court consolidated cases 2DTC-11-007594
and 2DTC-12-001968 for trial. In each case, the court convicted
Armitage of one count of driving a motor vehicle without a valid
driver's license (Driving Without a License), in violation of
Hawaii Revised Statutes (HRS) § 286-102 (2007),[2] and one count of

---

[1] The Honorable Barclay E. MacDonald entered both Judgments.

[2] HRS § 286-102 provides in relevant part:

(a) No person, except one exempted . . . , one who
holds an instruction permit . . . , one who holds a
provisional license . . . , one who holds a commercial
driver's license . . . , or one who holds a commercial
driver's license instruction permit . . . , shall operate
(continued...)

no motor vehicle insurance policy (No Insurance), in violation of HRS § 431:10C-104(a) (2005).[3]

On appeal, Armitage argues that the District Court erred in convicting her of Driving Without a License and No Insurance in 2DTC-11-007594 because the charge was fatally defective for failing to include the requisite *mens rea*. She further contends that the District Court erred in convicting her of the offenses in Cases 2DTC-11-007594, as well as 2DTC-12-001968, and violated her right to due process by improperly relieving Plaintiff-Appellee State of Hawai'i (State) of its burden of proof. In making this point, she contests Finding of Fact (FOF) 31. Lastly, Armitage maintains that the District Court erred in convicting her of the offenses in both cases and abused its discretion by misapplying the law related to her mistake-of-fact defense. Related to this argument is her contention that Conclusion of Law (COL) 3 is wrong.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Armitage's points of error as follows.

The State concedes that the charge in Case 2DTC-11-007594 lacked the requisite *mens rea*. Nevertheless, this court must determine that such concession is sound. See State v.

---

[2](...continued)
any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

[3]     HRS § 431:10C-104 provides in relevant part:

(a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

(b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.

<u>Veikoso</u>, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003);
<u>State v. Hoang</u>, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000).

Armitage contests the sufficiency of the charge in 2DTC-11-007594 for the first time on appeal; thus, this court applies the liberal construction standard. "Under this standard, [this court] will not vacate a conviction based upon a defective charge unless the defendant can show prejudice or that the charge cannot within reason be construed to charge a crime." <u>State v. Souleng</u>, 134 Hawai'i 465, 468, 342 P.3d 884, 887 (App. 2015) (citation and internal quotation marks omitted).

In Case 2DTC-11-007594, the State issued to Armitage a citation, which includes the applicable HRS section and name of each offense but not the elements or essential facts constituting each offense. At arraignment, the State failed to orally recite the charge. Just before trial, Armitage waived an oral recitation of the charge. <u>See</u> Hawai'i Rules of Penal Procedure Rule 5(b)(1) and 7(a). Notwithstanding Armitage's waiver, because the State never apprised Armitage of the charge, the citation alone cannot within reason be construed to charge a crime. <u>See</u> <u>State v. Jendrusch</u>, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977).

With regard to Armitage's second point, FOF 31, which is a mis-labeled conclusion of law, is not wrong to the extent it appears to reflect that Armitage bore the burden of production in her affirmative defense of mistake of law. HRS § 702-220 (2014). In any event, any error was harmless because the convictions were based on sufficient evidence that Armitage at least recklessly committed Driving Without a License and No Insurance. <u>See</u> HRS §§ 286-102, 431:10C-104, and 702-204 (2014).

To the extent Armitage claimed she was exempt because she was a citizen of the Kingdom of Hawai'i and produced her Kingdom-issued drivers license and waiver of insurance, she established she knew the requirements of a license and insurance existed. With regard to Armitage's third point, Armitage's defense at trial was that she mistakenly believed she was exempt from the laws of the State because she was a citizen of the Reinstated Hawaiian Government. However, this was a mistake of

3

law, not fact.  See HRS § 702-220.  The mistake-of-law defense was inapplicable inasmuch as the record is devoid of evidence showing that the criteria prescribed by HRS § 702-220 were satisfied.  Armitage has not shown COL 3 is wrong.

Therefore, IT IS HEREBY ORDERED that:

(1)  The January 3, 2014 Notice of Entry of Judgment and/or Order and Plea/Judgment, entered in Case 2DTC-11-007594, in the District Court of the Second Circuit, Wailuku Division is vacated and the case is remanded for dismissal without prejudice.

(2)  The January 3, 2014 Notice of Entry of Judgment and/or Order and Plea/Judgment, entered in Case 2DTC-12-001968, in the District Court of the Second Circuit, Wailuku Division is affirmed.

DATED:  Honolulu, Hawai‘i, September 28, 2015.

On the briefs:

Kirstin Hamman,
for Defendant-Appellant.

Presiding Judge

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge